# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON'Z SMITH, | 1:13-cv-02003-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (Doc. 22.) |
| vs. | |
| M. GARCIA, | ORDER EXTENDING DISCOVERY FOR LIMITED PURPOSE DESCRIBED IN THIS ORDER |
| Defendant. | |
| | ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE FOR ALL PARTIES TO THIS ACTION |
| | **New Discovery Cut-Off Date:** 03/18/2015 |
| | **New Dispositive Motions Deadline:** 05/27/2015 |

**I.   BACKGROUND**

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's original Complaint filed on December 6, 2013, against defendant Sergeant M. Garcia ("Defendant") for use of excessive force in violation of the Eighth Amendment. (Doc. 1.)

On June 18, 2014, the court issued a Scheduling Order establishing deadlines of February 18, 2015 for completion of discovery, and April 27, 2015 for the parties to file pretrial

1

dispositive motions.  (Doc. 14.)  On January 30, 2015, Defendant filed an ex parte motion to modify the Scheduling Order.  (Doc. 22.)

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Defendant requests a thirty-day extension of the discovery deadline for the limited purpose of taking Plaintiff's deposition.  Defendant asserts that she scheduled the deposition for February 2, 2015, and sent notice of the deposition on January 8, 2015. (Declaration of Hixton, Doc. 22-1 ¶3.)  Defendant received notice on January 30, 2015, that the video conference equipment at the Correctional Training Facility (CTF) is not operable.  (Id.)  Defendant is unable to travel to CTF without more notice and planning, and does not believe a thirty-day extension will prejudice Plaintiff.  (Id.)

The Court finds good cause to extend the discovery deadline in this action for thirty days, for the limited purpose of Defendant taking Plaintiff's deposition.  The Court also finds good cause to extend the dispositive motions deadline for all parties.  Thus, good cause appearing, Defendant's motion to modify the Scheduling Order shall be granted.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     Defendant's ex parte motion to modify the court's Scheduling Order, filed on January 30, 2015, is GRANTED;

2. The deadline for the completion of discovery is extended from February 18, 2015 to **March 18, 2015** for the limited purpose of Defendant taking Plaintiff's deposition;

3. The deadline for filing and serving pretrial dispositive motions is extended from April 27, 2015 to **May 27, 2015** for all parties to this action; and

4. All other provisions of the court's June 18, 2014 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **February 4, 2015**                              /s/ Gary S. Austin
                                                          UNITED STATES MAGISTRATE JUDGE