# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVON'Z SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>M. GARCIA,<br><br>            Defendant. | Case No.  1:13-cv-02003-AWI-SAB-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REIMBURSEMENT<br><br>(ECF NO. 38) |

Plaintiff Smith is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On December 3, 2015, the parties stipulated to dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) as a result of settlement negotiations.  An order was entered, dismissing this action pursuant to the stipulation.

On December 4, 2015, Plaintiff filed declaration in which he seeks reimbursement of part of his settlement.  Plaintiff indicates that the trust account offices at CTF Soledad improperly withheld all of Plaintiff's settlement check for restitution in violation of applicable regulations. On January 11, 2016, an order was entered, construing the declaration as a motion for reimbursement and directing Defendant to file a response.

On January 19, 2016, Defendant filed opposition to Plaintiff's motion.  Defendant's motion is supported by the declaration of counsel and a copy of the settlement agreement signed by the parties. The settlement agreement includes the following provision:

1

CDCR shall pay Plaintiff $1,500.00 (the settlement amount). However, Plaintiff understands that CDCR is obligated by California Penal Code section 2085.5 to collect any amounts owed by a prisoner under a restitution fine or order, including any administrative fees related to such amounts. Such amounts and fees will be deducted from the settlement amount and paid on Plaintiff's behalf as required by Penal Code section 2085.5. *If the settlement amount exceeds the restitution amounts and fees, the excess balance shall be made by check to Plaintiff's inmate trust account or to another payee of designated by Plaintiff.* Plaintiff further understands that CDCR is obligated to pay all outstanding liens against Plaintiff, known or unknown, if any, which amounts must be deducted from the settlement amount and paid on Plaintiff's behalf to the lienholder(s).

(Decl. of T. Johnson, Ex. A, emphasis added.)

Penal Code section 2085.5(n) specifically states that any settlement funds awarded to an inmate "shall be paid directly … to satisfy any outstanding restitution orders or restitution fines against that person." The remainder of the settlement, if any, will be forwarded to the inmate only if the settlement funds exceed the restitution balance. Cal. Pen. Code § 2085.5(n). In this case the settlement amount did not exceed the restitution amount. Defendant correctly notes that Plaintiff's exhibit attached to his motion indicates that he owes approximately $15,000 in restitution orders and fines. The $1,500 settlement payment was applied towards Plaintiff's restitution order pursuant to the requirements of Penal Code section 2085.5(n). Because the CDCR complied with the terms of the settlement agreement and the law, Plaintiff's motion should be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reimbursement filed on December 4, 2015, is DENIED.

IT IS SO ORDERED.

Dated:  August 15, 2016

SENIOR DISTRICT JUDGE